**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM COLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-00883** |
| | ) | |
| **STANTON HEIDLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

William Coley is serving a life sentence after a jury convicted him of first-degree felony murder, second-degree murder, and especially aggravated robbery. Through appointed counsel, he filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. He argues that his trial counsel provided ineffective assistance by failing to seek a severance from his co-defendant, Markreo Quintez Springer. (Doc. No. 24).

Before the Court is the Report and Recommendation ("R&R") that the Court deny the amended petition. (Doc. No. 36). Coley filed objections to the R&R (Doc. No. 42), and the State responded (Doc. No. 45). For the reasons below, the Court will overrule Coley's objections, adopt the R&R in part, and deny the amended petition.

## I. Factual And Procedural Background

The R&R accurately recounts the factual and procedural history of this case. (Doc. No. 36 at 1–6). In short, Coley and Springer charges arose from the shooting death of Sadagh Maleki at his car business. (Id. at 1–2). Earlier that day, Coley and Springer discussed committing a robbery because they needed money for rent. (Id. at 2). They also discussed going to Maleki's business, although there was testimony that they also planned to go there to obtain license tags. (Id.). Springer later obtained a gun from a friend, and about twenty minutes later, he and Coley left their

apartment together. (Id.). They returned together about twenty to twenty-five minutes later. (Id.). Springer returned with his own gun and Maleki's gun, while Coley returned with a grazing gunshot wound to his arm and blood on his shirt. (Id.).

Someone then called 911 with a cover story that Coley had been shot when three teenagers tried to rob him at another location. (Id.). Police received another call around the same time concerning an incident at Maleki's business. (Id.). Officers found Maleki dead from gunshot wounds to his arm and chest. (Id.). Investigators also found Coley's DNA inside Maleki's office near his body. (Id.).

The jury heard statements Springer allegedly made after he and Coley returned to the apartment. (Id. at 3). Springer said that he did not know whether he had killed the victim and later said that he shot the man who shot Coley and "watched him take his last breath." (Id.). Referring to Coley by his nickname, "Bud," Springer also said that "Bud was supposed to jump him and the guy got the best of him and shot Bud." (Id.). Springer also allegedly said that he and Coley went into Maleki's office to obtain tags before Springer pulled a gun on Maleki. (Id.). Springer did not testify at trial. (Id.).

Coley's counsel moved to sever his case from Springer's, but the motion concerned different statements Springer allegedly made to intimidate a witness. (Id.). Counsel did not seek severance based on Springer's statements describing the robbery and shooting. (Id.). The trial court denied the severance motion and instructed the jury to consider the evidence against each defendant separately. (Id.).

The jury convicted Coley of first-degree felony murder, second-degree murder, and especially aggravated robbery. (Id. at 2). He was sentenced to life imprisonment for felony murder and a concurrent fifteen-year sentence for especially aggravated robbery. (Id.). The Tennessee

Court of Criminal Appeals ("TCCA") affirmed the convictions on direct appeal. State v. Springer, 2014 WL 2828932, at *1 (Tenn. Crim. App. June 20, 2014).

Coley sought state postconviction relief, arguing in relevant part that trial counsel provided ineffective assistance by failing to seek a pretrial severance based on Springer's statements. (Doc. No. 36 at 4). The TCCA affirmed the denial of postconviction relief. Coley v. State, 2022 WL 17258693, at *1 (Tenn. Crim. App. Nov. 29, 2022). In addressing the severance claim, the TCCA was "puzzled" by Coley's argument because Springer's statements "showed that Petitioner Coley was less culpable in the offense" and "Petitioner Coley was not implicated in the statements as testified to by Smith." Id. at *8. The TCCA concluded that Coley had not shown sufficient prejudice to require severance, noting that his "DNA from blood was found at the scene of the homicide." Id. It therefore held that, "because severance was not necessary to promote a fair determination of Petitioner's guilt or innocence," Coley "failed to establish that trial counsel was ineffective in failing to file a motion for severance." Id.

The amended petition raises the severance claim and a second ineffective-assistance claim arising from trial counsel's advice about a plea offer. (Doc. No. 24 at 11–23). Coley did not respond to the State's argument that the plea advice claim is procedurally defaulted and time-barred. (Doc. No. 27 at 36). The Magistrate Judge treated the claim as waived and recommended denying relief on that claim without addressing its merits. (Doc. No. 36 at 4 n.2). Coley did not object to that recommendation, so only the severance claim requires further discussion.

As to the severance claim, the Magistrate Judge addressed only the Strickland prejudice prong and recommended denying relief on that ground. (Doc. No. 36 at 7–13). The Magistrate Judge first concluded that AEDPA required deference to the state postconviction court's determination that Springer's statements would have been admissible as co-conspirator statements

under Tennessee law. (Id. at 8–9). He then considered the totality of the trial evidence apart from Springer's statements and concluded that Coley had not shown a substantial likelihood that severance would have produced a different result. (Id. at 9–13). Having found no prejudice, the Magistrate Judge did not address whether counsel performed deficiently by failing to seek severance. (Id. at 13).

The R&R recommends denying the amended petition in full and denying a certificate of appealability. (Id.).

## II. Legal Standard

Coley's amended petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a federal court shall not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state-court decision is "contrary to" clearly established federal law if the state court reaches a conclusion opposite to the Supreme Court on a question of law or decides a case differently on materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not grant relief simply because it concludes that the state court applied clearly established federal law incorrectly. Id. at 411. The AEDPA precludes relief so long as "fairminded jurists could disagree" about the correctness of the state court's decision. Harrington v. Richter, 562 U.S. 86, 101 (2011).

## III. Analysis

The Court reviews de novo the portions of the R&R to which Coley specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Coley objects to the Magistrate Judge's resolution of his ineffective-assistance-of-trial-counsel claim on two grounds.

First, Coley objects that the Magistrate Judge improperly afforded AEDPA deference to a finding the TCCA never made. (Doc. No. 42 at 5–9). Specifically, Coley argues that the Magistrate Judge treated the state postconviction court observation that Springer's statements would have been admissible as co-conspirator statements under Tennessee law and deferred to that observation. (Doc. No. 36 at 8–9). Coley contends that the TCCA referenced that observation only when recounting the postconviction trial court's ruling and did not adopt it in its own analysis. (Doc. No. 42 at 5–7). He therefore argues that the Magistrate Judge deferred to the wrong state-court decision. (Id.). Without that deference, he argues the statements would not have been admissible at a severed trial because they were made after the robbery and were not made during and in furtherance of the conspiracy. (Id. at 8–9).

Second, Coley argues that the Magistrate Judge erred in concluding that he suffered no prejudice from counsel's failure to seek severance. (Doc. No. 42 at 9–13). He argues that Springer's statements supplied the only direct evidence that Coley participated in the robbery. Without those statements, the remaining evidence supported a defense that he was merely present when Springer committed the robbery. (Id.). Coley then predicts that excluding Springer's statements would have created a reasonable probability that the jury would have acquitted him or convicted him only of facilitation. (Id.).

The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. To establish ineffective assistance, Coley must show that "counsel's performance was deficient" and that "the deficient performance prejudiced his defense." Strickland v. Washington, 466 U.S.

668, 687 (1984). Prejudice in the context of a challenge to a conviction requires "a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. The court determines whether that probability exists based on "the totality of the evidence before the judge or jury." Id. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," the Supreme Court instructs courts to follow that course. Id. at 697.

After reviewing Coley's objections and the R&R de novo, the Court agrees with the Magistrate Judge that Coley cannot establish prejudice. The Court need not resolve Coley's first objection concerning whether the Magistrate Judge properly afforded AEDPA deference to the determination that Springer's statements would have been admissible as co-conspirator statements at a severed trial. The Court need not resolve that objection because a federal habeas court may deny relief under de novo review when a petitioner's claim fails even under that more favorable standard. Berghuis v. Thompkins, 560 U.S. 370, 390 (2010) (finding that courts can "deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review").

On de novo review here, even assuming that counsel could have obtained a severance and that Springer's statements would have been excluded at a separate trial, Coley cannot show "a reasonable probability" that, absent trial counsel's failure to seek severance, the jury would have had "a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695. The circumstantial evidence of Coley's participation in the robbery was substantial. As the Magistrate Judge explained, Coley and Springer discussed committing a robbery and going to Maleki's business on the day that he died. (Doc. No. 36 at 9). Springer then obtained a gun. He and Coley left their

apartment and returned together less than an hour later. (Id. at 9–10). Coley returned with a gunshot wound. Springer returned with Maleki's gun. The investigators found Coley's DNA inside Maleki's office near Maleki's body. (Id. at 10). The jury also heard evidence of the 911 call providing a false account of how Coley had been shot. (Id.).

Even if Coley is correct that Springer's statements provided the only direct evidence that he participated in the robbery, there was circumstantial evidence. (Doc. No. 42 at 10–12). The circumstantial evidence readily permitted the jury to infer that Coley was more than a bystander who happened to be present when Springer committed the robbery and murder. Based on the totality of that evidence, there is not a reasonable probability that the jury would have had reasonable doubt about Coley's participation. See Strickland, 466 U.S. at 695.

The same reasoning applies to Coley's argument that the jury could have convicted him only of facilitation. The jury received a facilitation instruction, and excluding Springer's statements would have given Coley a stronger basis to argue for that verdict. (Doc. No. 42 at 17). Nevertheless, the substantial circumstantial evidence of Coley's participation prevents him from showing a reasonable probability that the jury would have returned a facilitation verdict instead.

Coley cannot establish prejudice under Strickland. The Court will overrule his objection to the Magistrate Judge's prejudice determination and adopt the R&R. Because prejudice resolves Coley's ineffective-assistance-of-trial-counsel claim, the Court does not address deficient performance.

**IV. Certificate Of Appealability**

Coley also objects to the R&R's recommendation that the Court deny a certificate of appealability. (Doc. No. 42 at 17–18). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate "that reasonable jurists could debate whether . . . the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).

Coley has not made that showing. Even under de novo review, and assuming that counsel could have obtained a severance and excluded Springer's statements, Coley has not shown a probability that the jury would have had a reasonable doubt respecting his guilt. The Court will therefore deny a certificate of appealability.

**V. Conclusion**

For the reasons above, Coley's objections (Doc. No. 42) will be overruled, and the R&R (Doc. No. 36) will be adopted in part. Coley's amended petition for a writ of habeas corpus (Doc. No. 24) will be denied. This action will be dismissed. The Court will not issue a certificate of appealability.

An appropriate order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE